IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-01568-WYD-BNB

MELANIE WHEELER,

Plaintiff,

v.

ALCON LABORATORIES, INC.,
ALCON MANUFACTURING, LTD., and
ALCON REFRACTIVE HORIZONS, INC.,

Defendants.
_____

**ORDER**
_____

This matter is before me on the **Joint Motion to Vacate Scheduling Order, Partially Stay Discovery, and Extend Briefing Schedule Associated With Defendants' Motion to Dismiss** [Doc. # 19, filed 11/5/2008] (the "Motion"). The Motion is DENIED.

This is a products liability case concerning a device used in connection with Lasik surgery. The defendants have filed a motion to dismiss the action [Doc. # 16, filed 10/20/2008] alleging that the plaintiff's claims are preempted by federal law, relying on Riegel v. Medtronic, Inc., 128 S. Ct. 999 (2008).

The parties seek essentially to stay the case pending a determination of the defendants' motion to dismiss and an extension of the deadline by which the plaintiff must respond to the motion to dismiss. In support of the request, the parties assert that requiring them to pursue disclosures and discovery will impose substantial costs and burdens which may prove unnecessary in the event defendants' motion to dismiss is granted.

The Federal Rules of Civil Procedure do not provide for the stay of proceedings while a motion to dismiss is pending. Instead, Rule 1 instructs that the Federal Rules of Civil Procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action," and Rule 26(c) permits a court to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including entry of a stay of discovery. In considering whether to grant a stay:

> Five factors have been universally recognized as being critical to a proper balancing of the competing interests at stake. Those factors are: (1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

Federal Deposit Ins. Corp. v. Renda, 1987 WL 348635 *2 (D. Kan. Aug. 6, 1987); accord String Cheese Incident, LLC v. Stylus Shows, Inc., 2006 WL 894955 *3 (D. Colo. March 30, 2006)(same). Considering these factors leads me to conclude that a stay of discovery in this case is not warranted.

The average time from the filing of a dispositive motion to its determination in this district in 2007 was 6.7 months. Consequently, staying the case while defendants' motion to dismiss is pending could substantially delay the ultimate resolution of the matter, with injurious consequences. In this regard, it has been argued:

> Delay is an element indigenous to many systems, and one that can have significant implications unless recognized and accounted for.
> \* \* \*
> In the litigation context, delay is not only of practical concern, as it results in a decrease in evidentiary quality and witness availability, but also of social concern, as it is cost prohibitive and threatens the credibility of the justice system.

Mariel Rodak, *It's About Time: A Systems Thinking Analysis of the Litigation Finance Industry*

*and Its Effect on Settlement*, 155 U. PA. L. REV. 503, 528 (2006).

In addition, motions to dismiss are denied more often than they result in the termination of a case. Consequently, without presuming to forecast the district judge's ruling on the motion to dismiss, it is more likely than not from a statistical point of view that a delay pending a ruling on the motion to dismiss would prove unnecessary.

Parties always are burdened when they engage in litigation, whether the case ultimately is dismissed; summary judgment is granted; the case is settled; or a trial occurs. That is a consequence of our judicial system and the rules of civil procedure. There is no special burden on the parties in this case. Moreover, it generally is the policy in this district not to stay proceedings pending a ruling on a motion to dismiss. See Ruampant v. Moynihan, 2006 U.S. Dist. LEXIS 57304 **4-5 (D. Colo. Aug. 14, 2006).

The plaintiff's request for an extension to file her response to the motion for summary judgment is based on her asserted need for certain information which I am informed should be revealed by the defendants in their initial disclosures. The length of the extension requested will depend on when the initial disclosures are made, a matter about which I have required that the parties confer and reach agreement. Consequently, that part of the motion is denied without prejudice and may be renewed after the plaintiff determines the length of the extension required. I expect that the disclosures should occur in a matter of approximately two weeks, however, and that the plaintiff will be prepared to respond shortly thereafter.

IT IS ORDERED that the Motion is DENIED.

IT IS FURTHER ORDERED that the scheduling conference set for November 18, 2008, is VACATED and RESET to **December 4, 2008, at 9:30 a.m.**, in Courtroom 401, 4th floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. The parties shall

prepare a proposed scheduling order and submit it to the court on or before **December 1, 2008**.

Dated November 17, 2008.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge